UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                          )
                                                )
ADVOCARE OF N.C., INC., d/b/a                   )
MAGNOLIA GARDENS                                )     CASE NO: B04-83632C-11D
                    Debtor.                     )
                                                )

**ORDER AND OPINION GRANTING DEBTOR'S MOTION FOR EXTENSION OF EXCLUSIVE TIME TO FILE PLAN AND DISCLOSURE STATEMENT**

**THIS MATTER** coming on for consideration before the undersigned United States Bankruptcy Judge presiding on the 18th day of April, 2005 upon the Debtor's Motion for Extension of Exclusive Time to File Plan and Disclosure Statement; James K. Talcott appearing of record for the Debtor, John A. Northen appearing as counsel for the Unsecured Creditors Committee and Michael D. West appearing as the Bankruptcy Administrator; and based upon the pleadings and the record in this proceeding and the comments of counsel, no objections being filed or heard, the Court makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1.   The above captioned Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Bankruptcy Code on December 6, 2004 (the "Petition Date"). Since the Petition Date the Debtor has remained in possession of its property and its assets and has operated as a Debtor-in-Possession pursuant to the terms and provisions of a Court approved Management Agreement with Durham Manor, LLC.

2.   The one hundred twenty (120) day period during which only the Debtor can file a Plan of Reorganization and Disclosure Statement had not expired as of the filing of the Debtor's Motion for Extension of Exclusive Time to File Plan and Disclosure Statement.

3.   Since the filing of the above captioned proceeding, the Debtor has engaged in successful negotiations with Durham Manor, LLC to enter into a long term lease of the Debtor's facilities with such long term lease to be the basis for preparation and filing of a feasible Plan of Reorganization which would pay creditors in this proceeding. However, since the Petition Date, various plans under consideration by the Debtor for reorganization have included a potential for loans or infusions of capital by a principal owner of the Debtor. As the case has matured over time there have been alterations in the financial dynamics of the case that have had differing impacts on the principal owner with respect to his decisions to infuse or loan money to the Debtor for use in its reorganization efforts. Most recently complicating the plan formation is a question as to the collectibility of certain accounts receivable arising through an independent audit of the Debtor by an outside certified public accounting firm.

4. The final results of the audit by the outside CPA firm will have an impact which is currently unknown by the Debtor and its principal owner which will ultimately affect the plan structure and mechanisms for paying secured and unsecured creditors in this proceeding. The audit results are now available and provide the information necessary for the Debtor and its principal owner to make proper decisions and prepare and file a Plan of Reorganization in this proceeding which is being considered.

5. It appears that no other party in interest, creditor, committee, or equity security holder has filed a Plan of Reorganization pursuant to § 1121 of the United States Bankruptcy Code.

6. Counsel for the Debtor indicated an extension of forty-five (45) days would be sufficient and no objections were heard to such extension. It appears an extension of forty-five (45) days of the exclusive period during which only the Debtor is entitled to file a Plan of Reorganization and Disclosure Statement and an extension of forty-five (45) days of the period for creditors to accept the Plan of Reorganization pursuant to 11 U.S.C. § 1121(c)(3) is a reasonable amount of time for the exclusive period to be extended and should be approved by this Court.

Based upon the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** it is: **ORDERED, ADJUDGED AND DECREED** that the Debtor-in-Possession, pursuant to § 1121 of the United States Bankruptcy Code shall be granted an extension of its exclusive time in which to file a Plan of Reorganization and Disclosure Statement for an additional forty-five (45) days up to and through May 20, 2005, and the time for acceptance of the Plan of Reorganization by creditors pursuant to § 1121(c)(3) of the Bankruptcy Code shall be extended for an additional forty-five (45) days up to and through July 19, 2005.

**PARTIES TO BE SERVED**
**04-83632**

Michael D. West          **(HAND DELIVERY)**
Bankruptcy Administrator
P. O. Box 1828
Greensboro, NC 27402

Daniel D. Mosca
P.O. Box 415
Brown Summit, NC 27214

Kenneth Dawson 322
Federal Place
Greensboro, NC 27401

Lawrence Behning
Kennedy, Covington, Lobdell & Hickman, LLP
The Hearst Tower
214 N. Tryon Street, Ste. 4700
Charlotte, NC 28202

Epic Management, Inc.
Mr. W. Stewart Swain
5005 North Ocean Blvd.
Myrtle Beach, SC 29577

Richard J. Votta
Asst. Attorney General
N.C. Dept. of Justice
P.O. Box 629
Raleigh, NC 27602

John W. Stone, Jr.
Assistant U.S. Attorney
United States Attorney's Office
P.O. Box 1858
Greensboro, NC 27402

Greg Bongiovanni
Assistant Regional Counsel
U.S. Dept. of Health and Human Services
Suite 5M60
61 Forysth Street S.W.
Atlanta, GA 30303-8909

Lewis A. Cheek
John C. Rogers, III
Hedrick Murray & Cheek, PLLC
Suite 200 Valley View
3511 Shannon Road
P.O. Box 52394
Durham, NC 27707

Robert E. Whitfield 2525
Meridian Parkway Ste.
300
Durham, NC 27713

Joseph N. Callaway
P.O. Box 7100
Rocky Mount, NC 27804

Zenith Insurance Company
Attn: Kathleen A. Sauer
21255 Califa Street
Woodland Hills, CA 91367-5021

John A. Northen
P.O. Box 2208
Chapel Hill, NC 27515

James K. Talcott **(HAND DELIVERY)**
P.O. Box 3324
Greensboro, NC 27402